IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ROSS ISLAND SAND & GRAVEL CO., / | No. C 14-00601 SI<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO INCREASE THE VALUE OF THE LIMITATION FUND** |

Currently before the Court is claimant Ron Green's motion, pursuant to Supplemental Admiralty Rule F of the Federal Rules of Civil Procedure, to increase the value of the limitation fund established by plaintiff Ross Island Sand & Gravel Co. Docket No. 20. The motion is scheduled for hearing before the Court on May 23, 2014. Pursuant to Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court DENIES Green's motion without prejudice.

**BACKGROUND**

This action involves a previously filed lawsuit between Green, the claimant in the present case, and Ross Island Sand & Gravel Co., the plaintiff. On October 21, 2013, Green filed a complaint against Ross Island in Alameda County Superior Court, alleging that on November 17, 2010, he was injured while working for his former employer, Ross Island, onboard a vessel named the Roller Barge. Green brought claims of negligence under the Jones Act, 46 U.S.C. § 30104; unseaworthiness; maintenance, found, and cure; and gross vessel owner negligence.

Ross Island removed that complaint to this Court. *Green v. Ross Island Sand & Gravel Co.*, Case No. 13-cv-5431 SI. Green moved for remand, and on January 23, 2014, the Court remanded the action to Alameda County Superior Court, finding that on the face of the complaint, Green's Jones Act

claim was properly pled and therefore not removable.[1] The case is currently pending in Alameda County Superior Court (*Green v. Ross Island Sand & Gravel Co.*, RS 13699924), but is stayed as described below.

On February 7, 2014, Ross Island filed the complaint in this case, pursuant to the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, seeking exoneration from or limitation of liability against all parties, for any and all loss, damages, injury, and other claims of destruction arising out of the injuries claimed by Green on November 17, 2010. Complaint ¶ 14. Ross Island claimed the value of the Roller Barge after the alleged November 17, 2010 incident did not exceed $35,000.00. *Id.* ¶ 13.

The case was initially assigned to Magistrate Judge James and subsequently transferred to District Judge Chen. On February 28, 2014, Judge Chen issued Ross Island's proposed order issuing a monition, directing claimants to file and make proof of their claims, and staying any prosecution of suits with respect to any claim arising out of the incident on the Roller Barge on November 17, 2010 until the hearing and termination of this proceeding. Docket No. 14. Thus the *Green v. Ross Island Sand & Gravel Co.* case pending in Alameda County Superior Court was stayed.

This case was deemed related to the previously filed case between Green and Ross Island, and on March 4, 2014, was reassigned to this Court. Docket No. 17. On March 28, 2014, Green filed this motion to increase the value of the limitation fund, pursuant to Rule F(7). Docket No. 20.

**LEGAL STANDARD**

The Limitation of Liability Act "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001); 46 U.S.C. § 30505. The vessel owner first files a complaint in the district court, and then deposits an amount with the court that is the equivalent of its interest in the vessel. Fed. R. Civ. P. Supp. Adm. R. F(1). The district court then notices all potential claimants and requires them to file claims with the court within a specified time,

---

[1] Ross Island subsequently moved for leave to file a motion for reconsideration, which the Court denied. *Id*.

2

and issues an injunction against any other actions against the owner if they involve related claims. *Id.* F(3)-(4).

Claimants may, however, bring suit in state or federal court for their damage or injury. Although 28 U.S.C. § 1333(1) grants federal district courts exclusive jurisdiction over "any civil case of admiralty or maritime jurisdiction [including suits brought pursuant to the Limitation Act]," it also specifically "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled." This presents an obvious tension, particularly where a claimant's suit is brought in state court while the Limitation of Liability action is pending in federal court and has produced a stay or injunction against the state court action. "The courts have had to reconcile the functions of the admiralty court in limiting liability under the Limitation Act, which proceeds in equity without a jury, with the claimant's right to a trial by jury for common law and statutory claims." *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983). One way the federal district courts have resolved this conflict is by recognizing the "single claimant exception." *In re Ross Island Sand and Gravel*, 226 F.3d 1015, 1017 (9th Cir. 2000). Under this exception, "if only *one* claim has been filed and 'nothing appears to suggest the possibility of another claim,' a district court is required to dissolve its injunction to permit the single claimant to pursue a separate action and jury trial." *Id.* (quoting *Newton*, 718 F.2d at 962).

A single claimant who seeks dissolution of a federal injunction in order to pursue a claim in state court, must stipulate "to the district court's continuing, exclusive jurisdiction to decide the owner's right to limit his liability." *Newton*, 718 F.2d at 962. In its most recent opinion discussing the dissolution of an injunction in state court pursuant to the Limitation of Liability Act, the Supreme Court explained that state courts may adjudicate claims "against vessel owners so long as the vessel owner's right to seek limitation of liability is protected." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. at 446. The Ninth Circuit has not yet addressed the Supreme Court's opinion in *Lewis v. Lewis & Clark Marine, Inc.*, but in an opinion issued eighteen years prior, the Ninth Circuit specified the claimant must: "(1) stipulate that the value of the limitation fund equals the combined value of the vessel and its cargo; (2) waive the right to claim res judicata based on any judgment rendered against the vessel owner outside of the

3

1  limitation proceedings; and (3) concede the district court's exclusive jurisdiction to determine limitation
2  of liability issues." *Id.*; *see also In re Ross Island*, 226 F.3d at 1017.[2]

Pursuant to Rule 7(F), "[a]ny claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight." On a Rule 7(F) motion "any claimant may demand that the deposit or security be increased on the ground that it is insufficient to carry out the provisions of the statutes relating to claims in respect of loss of life or bodily injury; and, after notice and hearing, the court may similarly order that the deposit or security be increased or reduced."

**DISCUSSION**

Green argues that Ross Island set the limitation fund low, knowing that Green would not stipulate to the amount, thereby preventing him from proceeding with his suit in state court. Motion 3, 11. Green and Ross Island have been unable to agree on the stipulations required under the "single claimant exception," due to a disagreement as to the value of the limitation fund. *See* Jacobson Decl. Exhs. 1-2. Green claims that he has conceded that this Court has exclusive jurisdiction over the limitation issues, has offered to waive the *res judicata* effect of any intervening state court verdict he might obtain, but cannot approve the amount of the limitation fund, as he believes it is inadequate. Motion at 3, 6; Jacobson Decl. Exhs. 1, 2.

Green moves this court to reappraise the value of the limitation fund under the "flotilla doctrine," arguing that other vessels that were present and physically connected to the Roller Barge at the time of his injury must be included in the valuation of the limitation fund. Motion at 11-12. According to Green, an appraisal value that includes all of the vessels would be accurate; presumably, he would be able to stipulate to the increased amount of the limitation fund, move the Court to dissolve the injunction, and proceed with his state court case.

Ross Island argues that the "flotilla doctrine" does not apply in this case and that Green is attempting to entice the Court to rule on disputed facts before conducting any discovery. Opp. at 7.

---

[2] It appears that in this case, Green has structured his stipulations in line with this statement from *Newton*.

4

Additionally, Ross Island asserts that Green has not requested an appraisal of the Roller Barge, which is the only legitimate basis for filing a Rule F(7) motion, and thus his motion must be denied. *Id.*

Ross Island asserts that the "flotilla" issue involves disputed facts, as to which evidence will have to be taken and findings will have to be made before a final determination. At the same time, this issue could be rendered moot if Green's judgment in state court does not exceed the limitation fund as it is currently set, provided that the injunction is lifted and Green's action can proceed in state court. Under these circumstances, courts in other jurisdictions have postponed decision on such issues until they become relevant. In *Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 210 (4th Cir. 2006), for example, the district court stayed litigation of the Limitation of Liability action and dissolved the injunction on the state court proceedings. There, the claimant's stipulations stated "he does not dispute the alleged value of the [vessel], but contends that the Limitation Fund should include all vessels contractually engaged in a common enterprise under a single command." *Norfolk Dredging Co. v. Wiley*, 357 F.Supp. 2d 944, 950 (E.D.Va. 2005) (*aff'd* 439 F.3d 205 (4th Cir. 2006)). The Court of Appeals affirmed the district court's decision to postpone "resolving the novel question whether to apply the flotilla doctrine to determine the size of the limitation fund," where the claimant stipulated to the district court's exclusive jurisdiction over the Limitation of Liability action and agreed that the ship owner's "liability will be limited to the amount of the limitation fund in whatever amount the district court fixes." *Norfolk*, 439 F.3d 205. There, the Court of Appeals concluded, "[w]e cannot see how saving for another day the question of Norfolk Dredging's amount of liability prejudice[s] its general right to limit liability. . . . [P]ostponing the determination of the final value of the limitation fund in a Limitation of Liability action is consistent with the broad power of the district court to manage its cases and to reserve the determination of any important, yet potentially irrelevant, issue until later in the proceedings." *Id.*

In this case, the Court recognizes Green's concerns regarding the limitation fund, as he contemplates the stipulations necessary to move for dissolution of the injunction on his state court action and in particular, the stipulation that the value of the limitation fund equals the combined value of the vessel and its cargo. *See Newton*, 718 F.2d at 962; *see also In re Ross Island*, 226 F.3d at 1017. A reappraisal of the limitation fund, based on the "flotilla doctrine," may establish a fund value to which

5

Green would be willing to stipulate. But, as was noted in *Norfolk*, the "flotilla" issue in this case requires a fact-based assessment and may be rendered moot. The Court, therefore, postpones that determination until Green acquires a judgment in state court that exceeds the limitation fund as it is currently set, if that happens.

The Court will entertain a motion by Green to dissolve the injunction, provided that Ross Island's rights are protected. As the Supreme Court in *Lewis* explained, district courts "have discretion to stay or dismiss Limitation Act proceedings to allow a suitor to pursue his claims in state court." *Lewis*, 531 U.S. at 454. Where the district court is satisfied "that a vessel owner's right to seek limitation will be protected, the decision to dissolve the injunction is well within the court's discretion." *Id*. Green may stipulate that the value of the Roller Barge is $35,000, and also maintain his contention that the limitation fund should include all vessels in the flotilla. This stipulation, along with his waiver of the right to *res judicata* based on his state court proceeding and his concession that the district court has exclusive jurisdiction to determine the limitation of liability issues, will satisfy the stipulation requirements under *Newton* and *Ross Island*, allowing Green to proceed with his state court case, while also preserving his ability to renew the "flotilla doctrine" issue later in the limitation proceedings, if necessary.

The Court, therefore, DENIES Green's motion to increase the limitation fund, without prejudice.

**IT IS SO ORDERED.**

Dated: May 23, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE