JOHN R. HILLSMAN (SBN 71220)
DEREK B. JACOBSON (SBN 88417)
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 421-9292
Facsimile: (415) 403-0202

Attorneys for Claimant/Respondent
RON GREEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of the Complaint of Ross Island Sand & Gravel Co., as Owner of the *ROLLER BARGE*, for Exoneration from or Limitation of Liability | Case No. 3:14-CV-601 SI<br><br>**CLAIMANT/RESPONDENT RON GREEN'S STIPULATION PRESERVING PLAINTIFF ROSS ISLAND SAND & GRAVEL'S RIGHT TO SEEK LIMITATION** |

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

**Stipulation of Claimant/Respondent Preserving Plaintiff's Right to Limitation**
Case No. 3:14-CV-601 SI

1

WHEREAS Plaintiff ROSS ISLAND SAND & GRAVEL CO. ("ROSS ISLAND") has prayed for limitation and/or exoneration under the Vessel Owners' Limitation of Liability Act ("the Act"), 46 U.S.C. §§ 30501, *et seq.*, in connection with a marine casualty that occurred aboard the pipe scow *Roller Barge* on or about November 17, 2010 ("the subject casualty");

AND WHEREAS Claimant/Respondent RON GREEN ("GREEN") is the only person who has filed a claim against ROSS ISLAND arising out of the subject casualty;

AND WHEREAS Claimant/Respondent GREEN wishes to lift the stay against other litigation so he may prosecute his rights against Plaintiff ROSS ISLAND before a jury, in the Superior Court of California;

AND WHEREAS Claimant/Respondent GREEN concedes that the value of the *Roller Barge* is $35,000, but contends that the "Flotilla Doctrine" applies to this case, see e.g. *Valley Line Co. v. Ryan,* 771 F.2d 366, 376 (8th Cir. 1985), and therefore reserves whatever right he may have to argue that the limitation fund herein should include the value of all commonly owned and controlled vessels, if any, that were engaged at a common enterprise with the *Roller Barge* at the time of the subject casualty;

IT IS HEREBY STIPULATED AND AGREED by and between the parties, acting by and through their respectively undersigned attorneys of record, that:

(1)   Plaintiff ROSS ISLAND shall have the right to litigate the issue of whether it is entitled to limitation and/or exoneration under the Act in this Court, and this Court has exclusive jurisdiction to determine those issues;

McGUINN, HILLSMAN
& PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292

**Stipulation of Claimant/Respondent Preserving Plaintiff's Right to Limitation**
Case No. 3:14-CV-601 SI

(2) Should Plaintiff ROSS ISLAND's entitlement to limitation from liability be litigated in this Court, Claimant/Respondent GREEN will act in accordance with this Court's Order of May 23, 2014, Denying without Prejudice His Motion to Increase the Value of the Limitation Fund, Dkt. 28, and accept whatever amount this Court may ultimately fix as the value of limitation fund herein;

(3) Claimant/Respondent GREEN will not a seek a determination of the issues set forth in paragraphs (1) and (2) hereinabove, including the applicability *vel non* of the "Flotilla Doctrine" mentioned above, in any proceeding other than the instant action and hereby consents to waive any *res judicata* effect the decisions, rulings, or judgment of any other forum might have on those issues and further agrees to waive collateral estoppel or issue preclusion with respect to all matters reserved for the determination of this Court;

(4) Claimant/Respondent GREEN will not seek to enforce any judgment rendered in any judicial forum, whether against ROSS ISLAND or any person or entity entitled to seek indemnity or contribution from ROSS ISLAND by way of cross-claim or otherwise that would expose ROSS ISLAND to liability in excess of the limitation fund, until such time as this Court has adjudicated ROSS ISLAND's right to limitation with respect to the subject casualty;

(5) In the event this Court determines that ROSS ISLAND is entitled to limitation with respect to the subject casualty, Claimant/Respondent will not seek to enforce any judgment which would require ROSS ISLAND to pay damages in excess of the limitation fund;

(6) This Court may lift the stay against state court litigation, and;

**Stipulation of Claimant/Respondent Preserving Plaintiff's Right to Limitation**
Case No. 3:14-CV-601 SI

(7)  This Court may abate all further proceedings herein until a final judgment has been entered in the action Claimant/Respondent GREEN filed against Plaintiff ROSS ISLAND in Alameda County Superior Court.

Dated: May 27, 2014          By: /s/ THOMAS C. FITZHUGH III
                                 THOMAS C. FITZHUGH III
                                 FITZHUGH & ELLIOTT, P.C.
                                 Attorneys for Plaintiff
                                 ROSS ISLAND SAND & GRAVEL CO.

Dated: May 27, 201           By: /s/ JOHN R. HILLSMAN
                                 JOHN R. HILLSMAN
                                 MCGUINN, HILLSMAN & PALEFSKY
                                 Attorneys for
                                 Claimant/Respondent RON GREEN

ATTESTATION OF COUNSEL AS TO SIGNATURE

Pursuant to Civil Local Rule 5-1(i)(3 regarding signatures, John R. Hillsman hereby attests that concurrence in the filing of this document has been obtained.



IT IS SO ORDERED
Judge Susan Illston

This action shall be administratively Closed.

**Stipulation of Claimant/Respondent Preserving Plaintiff's Right to Limitation**
Case No. 3:14-CV-601 SI

4

McGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94133
(415) 421-9292